IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER R. DESMOND, | ) |
| Petitioner, | ) |
| v. | ) C.A. No. 24-1212 (MN) |
| LT. GOVERNOR BETHANY A. HALL-LONG, et al., | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 18th day of November 2024;

**I.      BACKGROUND**

In 1992, a Delaware Superior Court jury convicted Petitioner on multiple counts of first-degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape. He was sentenced to 70 years in prison. *See Desmond v. Snyder*, 1999 WL 33220036, at *1 (D. Del. Nov. 16, 1999). His convictions were affirmed on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Petitioner filed in this Court a petition for a writ of habeas corpus, which the Honorable Gregory M. Sleet denied after finding four claims were procedurally barred and three claims were meritless. *See Desmond*, 1999 WL 33220036, at *21. The Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability with respect to that decision. (*See Desmond v. Pierce*, Civ. A. No. 96-327-VAC at D.I. 64).

Petitioner filed a second petition for habeas relief in 2002, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it was second or successive. (*See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF at D.I. 1). On August 13, 2003, the Court of Appeals for the

Third Circuit denied Petitioner's application to file a second or successive habeas petition. *See In Re Desmond*, Civ. A. No. 03-2416, Order (3d Cir. Aug. 13, 2003).

In 2005, Petitioner filed a Rule 60(b) motion for reconsideration of the 1999 denial of his first habeas petition, arguing that claims one, five, six, and seven of his 1996 habeas petition should not have been dismissed for being procedurally barred. Judge Sleet denied the Rule 60(b) motion. (*See Desmond v. Snyder*, Civ. A. No. 96-327-GMS at D.I. 68). The Third Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability with respect to that decision. *(See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006))

In November 2011, Petitioner filed a petition for writ of mandamus, contending that his first-degree robbery convictions should be vacated pursuant to *State v. Bridgers*, 988 A.2d 939 (Del. Supr. Ct. 2007) and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010). *See Desmond v. Phelps*, 2012 WL 3518531 at *1 (D. Del. Aug. 15, 2012). The Honorable Leonard P. Stark dismissed the petition after determining that it constituted an unauthorized second or successive habeas petition. *Id*. at *2. The Third Circuit affirmed that decision and also declined to grant a certificate of appealability. *See Desmond v. Phelps*, C.A. No. 12-3552, Order (3d Cir. Mar. 15, 2013).

In 2013, Petitioner filed a Rule 59(e)/Rule 60(b) motion for reargument concerning the 1999 denial of his habeas petition, which Judge Sleet denied. *See Desmond*, Civ. A. No. 96-327-GMS at D.I. 82; D.I. 83). The Third Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability with respect to that decision,[1] and then denied his petition for rehearing. *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. June 24, 2014).

---

[1] *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. May 29, 2014).

In September 2014, Petitioner filed a Rule 59(e)/Rule 60(b) motion to reopen Judge Sleet's 2013 decision denying his Rule 59(e)/Rule 60(b) motion. (*See Desmond*, Civ. A. No. 96-327-GMS at D.I. 93). Judge Sleet denied the 2014 Rule 59/Rule 60(b) motion (*See id*. at D.I. 96; D.I. 97), and the Third Circuit denied Petitioner's request for a certificate of appealability (*See id*. at D.I. 102).

In November 2014, Petitioner filed a petition for writ of mandamus, asking the Court to grant the writ and direct Delaware's Attorney General to vacate his convictions, indictments, and all related offenses. (*See Desmond v. Superior Court*, Civ. A. No. 14-1365-LPS at D.I. 3). Given the relief requested, Judge Stark construed the writ to be a habeas petition, and dismissed it for lack of jurisdiction because it constituted an unauthorized second or successive habeas request. (*See id*. at D.I. 14; D.I. 15).

In 2016, Petitioner filed several more Rule 60(b) motions to reconsider the 1999 denial of his original habeas petition (*See Desmond*, Civ. A. No. 96-327-GMS. at D.I. 101; D.I. 104; D.I. 106; D.I. 107), which Judge Sleet denied (*See id*. at D.I. 110; D.I. 111). The Third Circuit denied Petitioner's request for a certificate of appealability. (*See id*. at D.I. 119).

In 2017, Petitioner filed another Rule 59(e)/Rule 60(b) motion to reopen ("motion to reopen") both his original petition and his 2016 Rule 60(b) motions. (*See id*. at D.I. 123 at 1; D.I. 124). Petitioner argued that that the Court should vacate its prior decisions in "D.I. 54, D.I. 110, [and] D.I. 111, because those decisions conflict directly with the United States Supreme Court's decision in *Buck* [*v. Davis,* 137 S.Ct. 759 (2017)]." (*See id*. at D.I. 123 at 1). Judge Sleet denied those motions in January 2018 after determining that some claims raised therein constituted a second or successive habeas request, and the remaining claims failed to warrant reconsideration under Rule 60(b). (*See id*. at D.I. 130; D.I. 131). The Third Circuit denied Petitioner's request for

a certificate of appealability, holding that "[j]urists of reason would not debate the District Court's conclusion that [Petitioner's] motion was, in part, an unauthorized second or successive habeas petition over which the District Court lacked jurisdiction, and, in part, a 'true' Rule 60(b) motion that did not meet the standard for relief under Rule 60(b)." (*See id*. at D.I. 136).

In 2022, Petition filed two Rule 59(e)/Rule 60(b) Motions to Reconsider the denial of his original habeas petition in 1999. (*See id.* at D.I. 137; D.I. 138). The Court denied the motions after determining they constituted an unauthorized second or successive habeas request. (*See id*. at D.I. 139; D.I. 140).

Presently pending before the Court is Petitioner's newest Petition for Writ of Mandamus, asking the Court to direct the Delaware Board of Pardons to convene an emergency hearing to decide his petition for commutation. (D.I. 1). Petitioner contends that he was entitled to a full administrative hearing, and that the Board's failure to hold a full hearing has caused him irreparable harm.

## II.   DISCUSSION

Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid" of its jurisdiction. *See* 28 U.S.C. § 1651(a). As such, a federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining" a petition for a writ of mandamus, the court "must identify a jurisdiction that the issuance of the writ might assist."). Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."[2] 28 U.S.C. § 1361.

---

[2] To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions: (1) he has "no other adequate means to attain the relief he desires;" (2) he demonstrates that "his right to the issuance of the writ is clear and indisputable;" and (3) the

4

Here, Petitioner asks the Court to order the Delaware Board of Pardons to hold a full administrative hearing. He does not allege that any federal officer, employee, or agency failed to perform a duty owed to him. Therefore, the Court does not have jurisdiction to grant Petitioner's request.

### III.   CONCLUSION

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner Christopher R. Desmond's Petition for Writ of Mandamus (D.I. 1 at 5, 13) is **DISMISSED** for lack of jurisdiction.

2. To the extent one is necessary, the Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

3. The Clerk of Court is directed to close this case.

_____
The Honorable Maryellen Noreika
United States District Judge

---

issuing court is satisfied that "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010).