IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER R. DESMOND, | ) |
| Petitioner, | ) ) ) |
| v. | ) C.A. No. 24-1212 (MN) |
| LT. GOVERNOR KYLE EVANS GAY, et al., | ) ) ) ) |
| Respondents.[1] | ) ) |

**MEMORANDUM ORDER**

At Wilmington, this 4th day of September 2025;

**I.  BACKGROUND**

In 1992, a Delaware Superior Court jury convicted Petitioner Christopher R. Desmond on multiple counts of first degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape. *See Desmond v. Snyder*, 1999 WL 33220036, at *1 (D. Del. Nov. 16, 1999). He was sentenced to 70 years in prison. *Id*. A detailed procedural history was provided in the Court's Memorandum Order (D.I. 4) dated November 18, 2024 and need not be repeated here. In that Order, the Court dismissed Desmond's pro se Petition for a Writ of Mandamus for lack of jurisdiction. On November 26, 2024, Desmond filed a pro se Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (D.I. 5).

**II.  STANDARD OF REVIEW**

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). Motions under Rules 59(e) and 60(b) serve similar functions, but each

---

[1]  The case caption has been amended in accordance with directive number 2 of this Order.

1

has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rule 59(e) motions are to "alter or amend a judgment" and "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citing *White v. New Hampshire Dept. of Emp. Sec.*, 455 U.S. 445, 450 (1982)). To prevail on a Rule 59(e) motion, the moving party must show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Rule 60(b), on the other hand, "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion filed pursuant to Rule 60(b) is directed to the sound discretion of the trial court. *See Pierce Ass'n, Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *See Weber v. Pierce*, 186 F. Supp. 3d 324, 328 (D. Del. 2016). Granting such a motion

is warranted only in the "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (internal quotation marks and citation omitted).

### III. DISCUSSION

Desmond has not alleged any of the grounds for relief pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b). Desmond does not assert that there is an intervening change in the controlling law, new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice – as required to prevail under Rule 59(e). Nor has he asserted any grounds sufficient for relief under Rule 60(b). Desmond has merely repeated his request to "compel the Board of Pardons to allow Desmond a full hearing." (D.I. 5 at 4). As stated in the Court's Memorandum Order, the Court does not have jurisdiction to order the Delaware Board of Pardons to hold a full administrative hearing. (D.I. 4 at 4-5). Moreover, a Rule 60(b) motion is not an appropriate means to reargue issues that the Court has already considered and decided.

### IV. CONCLUSION

THEREFORE, for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Petitioner Christopher R. Desmond's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) (D.I. 5) is **DENIED**.

2. The Clerk shall amend the case caption by substituting Lieutenant Governor Kyle Evans Gay for former Lieutenant Governor Bethany A. Hall-Long, an original party to the case. *See* FED. R. CIV. P. 25(d).

The Honorable Maryellen Noreika
United States District Judge